UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JAMES R. MCDERMOTT, individually ) <br> and d/b/a Magoo's, and ) <br> STROKERS  BILLIARDS CORPORATION, ) <br> an unknown business entity d/b/a Magoo's, ) <br> ) <br> Defendants. ) | Case No. 10-CV-0773-CVE-TLW |

**OPINION AND ORDER**

Now before the Court are the following motions: Plaintiff's Opening Motion for Partial Summary Judgment as to James R. McDermott (Dkt. # 37); Plaintiff's Motion to Continue the Trial Docket (Dkt. # 42); and Plaintiff's First Amended Motion to Continue the Trial Docket (Dkt. # 43). Plaintiff asks the Court to enter summary judgment against defendant James R. McDermott on the issue of liability as to its claims under the Communications Act of 1934, 47 U.S.C. § 605 et seq., and the Cable and Television Consumer Protection and Competition Act, 47 U.S.C. § 553 et seq.[1] McDermott has not responded to plaintiff's motion for partial summary judgment. Plaintiff also asks the Court to continue the non-jury trial set for December 8, 2011 until February or March 2012.

On December 6, 2010, plaintiff filed this case alleging that McDermott and Strokers illegally intercepted a closed-circuit broadcast of "'Undefeated': Floyd Mayweather, Jr. v. Ricky Hatton

---

[1] On April 27, 2011, the Court Clerk entered the default of defendant Strokers Billiards Corporation, an unknown business entity d/b/a Magoo's (Strokers). Dkt. # 27. Plaintiff has not filed a motion for default judgment against that defendant.

WBC Welterweight Championship Fight Program" (the Program). Dkt. # 2. McDermott file a pro se answer and it appeared that McDermott was attempting to answer on behalf of himself and Strokers. Dkt. # 15. The Court advised defendants that a corporation must be represented by counsel to appear in federal court, and the pro se answer was effective only as to McDermott. Dkt. # 17. The Court extended Strokers' deadline to obtain counsel and file an answer. Id. at 2. Strokers did not obtain counsel or file a responsive pleading, and neither Strokers nor McDermott participated in the submission of a joint status report. See Dkt. # 20 (joint status report filed by plaintiff without input from defendants). Plaintiff filed a motion for clerk's entry of default against Strokers, and the motion was granted. Dkt. ## 25, 27. The parties attempted to settle the case and McDermott agreed to provide certain documents to plaintiff outside of formal discovery. Dkt. # 34. The case did not settle and plaintiff requested additional time to conduct discovery. The Court extended the discovery cutoff to October 3, 2011, and plaintiff served requests for admission (Dkt. # 37-2) on McDermott. McDermott did not respond to plaintiff's requests for admission.

Plaintiff has filed a motion for summary judgment and relies on the facts admitted by McDermott due to his failure to respond to plaintiff's requests for admission as its primary evidentiary support. McDermott has admitted that he intercepted the broadcast of the Program and that he did not pay a licensing fee to show the Program. Dkt. # 37-2, at 3. He admits that he advertised before December 8, 2007 that he would be showing the Program, but that he knew that he was not authorized by plaintiff to receive the Program. Id. at 4. He also admits that he charged patrons a cover charge or fee to enter his establishment when the Program was broadcast. Id. at 4. McDermott has not responded to the motion for summary judgment.

2

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 317. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Id. at 327.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 250. In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir. 1998).

Even though defendant has failed to respond to plaintiff's motion for summary judgment, the Court must examine the record to determine if summary judgment is appropriate. Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002) ("a party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party"). Defendant failed to respond to plaintiff's requests for admission and, under Rule 36(a)(3), he has admitted each fact stated in the requests for admission. Under § 553, it is illegal to "intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law." 47 U.S.C. § 553(a)(1). Section 605 prohibits any person from intercepting a radio communication and "divulg[ing] or publish[ing] the existence, contents, substance, purport, effect or meaning of such intercepted communication . . . ." 47 U.S.C. § 605(a). Section 605 has been interpreted to include cable communications that originated as radio transmissions, but § 553 is narrower in scope and applies to cable communications only. Top Rank Inc. v. Tacos Mexicanos, 2003 WL 21143072, *3 (D. Mass. Mar. 28, 2003). McDermott has admitted to intercepting cable and satellite transmissions that were broadcast by plaintiff. Dkt. # 37-2. at 3-4. He admits that he did not pay plaintiff a licensing fee to broadcast the Program. Id. at 4-5. McDermott has also admitted to charging a cover fee to patrons who entered his establishment on the night of the broadcast, and patrons paid this fee with the knowledge that McDermott would be showing the Program. Id. at 4. These facts are sufficient to establish McDermott's liability under §§ 553 and 605, and plaintiff's motion for summary judgment as to liability only should be granted.

The non-jury trial of this case is set for December 8, 2011, and plaintiff asks the Court to continue the trial until February or March 2012. Dkt. # 43. Plaintiff states that its sole witness on

the issue of damages will be unavailable to testify on December 8, 2011, and that it will be prejudiced if the trial is not continued. McDermott objects to plaintiff's request to continue the trial, and he has advised plaintiff that he intends to file for bankruptcy. Dkt. # 43, at 2. The Court has reviewed plaintiff's motions and finds that the non-jury trial set for December 8, 2011 should be stricken. The Court will reset the non-jury trial and the pretrial conference. The deadline for submission of proposed findings of fact and conclusions of law will be stricken, and the Court will reset this deadline following the non-jury trial.

**IT IS THEREFORE ORDERED** that Plaintiff's Opening Motion for Partial Summary Judgment as to James R. McDermott (Dkt. # 37) is **granted** as to liability only.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Continue the Trial Docket (Dkt. # 42) and Plaintiff's First Amended Motion to Continue the Trial Docket (Dkt. # 43) are **granted**. The non-jury trial for December 8, 2011 is **stricken**, and trial is **reset** for February 9, 2012 at 9:15 a.m.

**IT IS FURTHER ORDERED** that the pretrial conference set for December 1, 2011 at 1:00 p.m. is **stricken**, and the pretrial conference is **reset** for February 1, 2012 at 9:30 a.m.

**IT IS FURTHER ORDERED** that the parties' deadline to file proposed findings of fact and conclusions of law is **stricken** and will be reset following the non-jury trial.

**DATED** this 28th day of November, 2011.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT